## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Electronic Controlled Systems, Inc.
d/b/a King Controls,
a Minnesota corporation,

Court File No. _____

          Plaintiff,

vs.

**COMPLAINT FOR
PATENT INFRINGEMENT
(Jury Trial Demanded)**

KVH Industries, Inc.,
a Delaware corporation,

          Defendant.

---

Electronic Controlled Systems, Inc. d/b/a King Controls ("Plaintiff"), by and through counsel, for its Complaint against KVH Industries, Inc. ("Defendant"), states and alleges as follows:

### PARTIES

1. Plaintiff is a corporation organized under the laws of the State of Minnesota with its principal place of business at 11200 Hampshire Avenue South, Bloomington, Minnesota 55438. King Controls is the registered assumed name for Electronic Controlled Systems, Inc.

2. Defendant is a corporation organized under the laws of the State of Delaware and has a principal place of business at 50 Enterprise Center, Middletown, Rhode Island 02842.

### JURISDICTION AND VENUE

3. Subject matter jurisdiction is based on 28 U.S.C. §§ 1331 and 1338(a), in that this action arises under the patent laws of the United States (35 U.S.C. § 1 et seq.).

4. The Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff has diversity of citizenship with Defendant and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. Venue lies in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is subject to personal jurisdiction, does business, and has committed acts of infringement in this district.

## PATENT INFRINGEMENT BY DEFENDANT

6. Plaintiff restates, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 5.

7. On March 8, 2005, United States Patent No. 6,864,846 (hereinafter "the '846 Patent") entitled "Satellite Locator System" issued. A true and correct copy of the '846 Patent is attached hereto and made a part hereof as Exhibit A.

8. Plaintiff, as assignee, duly owns the '846 Patent and, therefore, is authorized and has standing to bring legal action to enforce all rights arising under the patent.

9. Plaintiff's products, which are made in part under the '846 Patent, are sold in Minnesota and elsewhere. Plaintiff has notified the public that products made and sold under the '846 Patent are patented by marking them consistent with the provisions of 35 U.S.C. § 287.

10. Upon information and belief, Defendant has made, used, sold, offered for sale, and/or imported its TracVision® R4 and TracVision® R5 products in Minnesota and elsewhere.

11. Upon information and belief, Defendant's TracVision® R4 and TracVision® R5 products directly infringe, contributorily infringe, and induce the infringement of one or more of the claims of the '846 Patent in violation of 35 U.S.C. § 271, and all causes of action thereunder, to the damage and injury of Plaintiff.

12. Upon information and belief, the acts of infringement by Defendant are willful, intentional, and in conscious disregard of Plaintiff's rights in the '846 Patent.

13. As a result of Defendant's infringement of the claims of the '846 Patent, Defendant has made and will continue to make unlawful gains and profits. Further, Plaintiff has been and will continue to be irreparably damaged and deprived of its rights secured by the '846 Patent due to the unlawful infringement by Defendant.

14. Plaintiff has been and will continue to be deprived of revenue, profit, and gain that it would otherwise have generated but for such infringement. Defendant has caused and will continue to cause losses and damages in amounts that cannot be determined with specificity except by an accounting, as well as irreparable losses and damages.

15. Plaintiff is entitled to preliminary and permanent injunctive relief, enjoining Defendant from further and continuing infringement of the claims of the '846 Patent.

## JURY DEMAND

16. Pursuant to FED. R. CIV. P. 38(b), Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

A. A judgment that Defendant has directly infringed, induced infringement, and/or contributed to the infringement of Plaintiff's rights under the '846 Patent;

B. A judgment preliminarily and permanently enjoining and restraining Defendant and its subsidiaries, parents, officers, directors, agents, servants, employees, affiliates, attorneys, and all other persons in active concert or participation with Defendant from directly infringing, inducing infringement, and/or contributing to the infringement of the '846 Patent;

C. A judgment that Defendant's various acts of infringement have been in willful, knowing, and deliberate disregard of Plaintiff's patent rights and requiring Defendant to pay damages under 35 U.S.C. § 284, trebled for willful infringement, with interest;

D. A judgment awarding Plaintiff damages, including lost profits, adequate to compensate for Defendant's infringement, but not less than a reasonable royalty, resulting from Defendant's various acts of infringement;

E. A judgment award to Plaintiff of pre-judgment and post-judgment interest on Plaintiff's damages as allowed by law;

F. A judgment awarding damages to Plaintiff for its costs, disbursements, and attorneys' fees incurred in prosecuting this action, with interest, including a finding of an exceptional case, pursuant to 35 U.S.C. § 285, and otherwise according to law; and

G. Such other relief as the Court may deem just, equitable, and proper.

Respectfully submitted,

**PATTERSON, THUENTE,
SKAAR & CHRISTENSEN, P.A.**

Dated: January 31, 2006

By: _____
Randall T. Skaar (#165,013)
Eric H. Chadwick (#248,769)
Scott G. Ulbrich (#305,947)
4800 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2100
Telephone: (612) 349-5740
Facsimile: (612) 349-9266

**ATTORNEYS FOR PLAINTIFF
ELECTRONIC CONTROLLED SYSTEMS, INC.
D/B/A KING CONTROLS**